IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| NAZIR FRENCH,<br>TDCJ NO. 1114534, | § § § | |
| Petitioner, | § § | |
| v. | § § | CIVIL ACTION NO. H-14-1069 |
| WILLIAMS STEPHENS, Director,<br>Texas Department of Criminal<br>Justice, Correctional<br>Institutions Division, | § § § § § § | |
| Respondent. | § | |

**MEMORANDUM OPINION AND ORDER**

Nazir French, a Texas prisoner, filed a Petition for a Writ of Habeas Corpus By a Person in State Custody ("Petition") (Docket Entry No. 1) under 28 U.S.C. § 2254 challenging a state court felony judgment from Harris County, Texas. The Respondent has filed a Motion for Summary Judgment with Brief in Support (Docket Entry No. 15) arguing that the Petition is barred by the statute of limitations established by the Anti-Terrorism and Effective Death Penalty Act (AEDPA) as codified in 28 U.S.C. § 2244(d). After reviewing the pleadings and the available records, the court has determined that the motion should be granted.

I. **Procedural History and Claims**

Court records reveal that French was charged with aggravated sexual assault of a child. See State Habeas Corpus Record (SHCR), Ex parte French, No. 78,621-01, at 072 (Docket Entry No. 14-15, p. 9). After being tried before a jury, French was found guilty.

State v. French, No. 889956 (262nd Dist. Ct., Harris County, Tex., Jul. 23, 2002). Id. at 24. The trial court sentenced French to forty-five years in prison. Id.

The First Court of Appeals of Texas affirmed French's conviction, and the Texas Court of Criminal Appeals (TCCA) refused his Petition for Discretionary Review (PDR) on September 15, 2004. French v. State, No. 01-02-00775-CR, 2004 WL 637789 (Tex. App. – Houston [1st Dist.] Apr. 1, 2004, pet. ref'd). French did not file a petition with the United States Supreme Court for a writ of certiorari (Docket Entry No. 1, p. 3).

French filed an application for a state writ of habeas corpus in the 230th State District Court on October 1, 2012. Ex parte French, No. 78,621-01 (Docket Entry No. 11-24, p. 22). On November 14, 2012, the TCCA denied the application without a written order. Id. at 2.

French filed another state habeas application on October 1, 2012, the same day he filed the state habeas application challenging the aggravated sexual assault conviction. His second application for a state writ of habeas corpus challenged a misdemeanor conviction for tampering with a government record. Ex parte French, No. 78,621-02 (Docket Entry No. 14-17, p. 7). On July 24, 2013, the TCCA dismissed the application because misdemeanor convictions are not cognizable in habeas applications filed pursuant to Article 11.07 of the Texas Code of Criminal

Procedure. Id. ["ACTION TAKEN: DISMISSED. MISDEMEANOR CONVICTION. Tex. Code Crim. Proc. art. 11.07 §§ 1, 3] ( Docket Entry No. 14-17, p. 7).

On April 11, 2014, French executed the Petition filed in this action (Docket Entry No. 1). The Petition was mailed from French's prison unit in an envelope post-marked April 16, 2014, and filed by the Clerk on April 18, 2014. French presents the following grounds for relief regarding his state court judgment:

1. The State and federal government committed misconduct by obtaining his conviction in violation of the law.

2. French's trial attorney rendered ineffective assistance of counsel.

3. The trial court abused its discretion by allowing French to be convicted with factually insufficient evidence.

4. The prosecution committed misconduct by using perjured testimony and false evidence.

Petition, Docket Entry No. 1, pp. 6-7.

## II. The Respondent's Arguments

The Respondent contends that French's Petition is time-barred because it was filed more than one year after the state conviction became final on December 14, 2004. The Respondent uses that date because it is 90 days after the CCA refused French's PDR and is the last day French could have filed a petition for writ of certiorari with the Supreme Court. See Sup. Ct. R. 13.1; Gonzalez v. Thaler, 132 S.Ct. 641, 653 (2012). The Respondent notes that French's first state application for a writ of habeas corpus was filed well

after expiration of the limitations period under 28 U.S.C. § 2244(d)(2). Consequently, it has no tolling effect. See Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000). The Petition in this action was not filed until April 11, 2014, nearly ten years after the conviction became final.

The Respondent further argues that the court has no jurisdiction over the claims presented second state habeas application, which concerns a misdemeanor conviction, because French is no longer incarcerated pursuant to that conviction. The Respondent also argues that French has not presented any facts that would entitle him to equitable tolling.

### III. Standards of Review and Applicable Laws

#### A. Summary Judgment Standards

Summary Judgment standards established under the Federal Rules of Civil Procedure apply in habeas corpus cases brought under 28 U.S.C. § 2254. Clark v. Johnson, 202 F.3d 760, 764 (5th Cir. 2000); McBride v. Sharpe, 25 F.3d 962, 969 (11th Cir. 1994). A summary judgment shall be issued if the pleadings and evidence "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); Hall v. Thomas, 190 F.3d 693, 695 (5th Cir. 1999). In considering a motion for summary judgment the court construes factual controversies in the light most favorable to the non-movant, but only if both parties have introduced evidence

showing that an actual controversy exists. <u>Lynch Properties, Inc. v. Potomac Ins. Co. of Illinois</u>, 140 F.3d 622, 625 (5th Cir. 1998). The burden is on the movant to convince the court that no genuine issue of material fact exists as to the claims asserted by the non-movant, but the movant is not required to negate elements of the non-movant's case. See <u>Celotex Corp. v. Catrett</u>, 106 S. Ct. 2548, 2553 (1986).

The non-moving party may not rest solely on its pleadings. <u>King v. Chide</u>, 974 F.2d 653, 656 (5th Cir. 1992). For issues on which the non-movant will bear the burden of proof at trial, that party must produce summary judgment evidence and designate specific facts that indicate there is a genuine issue for trial. <u>Celotex</u>, 106 S. Ct. at 2552; <u>Wallace v. Texas Tech Univ.</u>, 80 F.3d 1042, 1047 (5th Cir. 1996). The non-movant "must do more than simply show that there is some metaphysical doubt as to the material facts." <u>Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.</u>, 106 S. Ct. 1348, 1356 (1986). To meet its burden the non-moving party must present "significant probative" evidence indicating that there is a triable issue of fact. <u>Conkling v. Turner</u>, 18 F.3d 1285, 1295 (5th Cir. 1994). If the evidence rebutting the summary judgment motion is only colorable or not significantly probative, summary judgment should be granted. <u>Anderson v. Liberty Lobby, Inc.</u>, 106 S. Ct. 2505, 2511 (1986). A habeas petitioner cannot rely on "bald assertions on a critical issue in his pro se petition . . . mere conclusory allegations do not raise a constitutional issue in a

habeas proceeding." Ross v. Estelle, 694 F.2d 1008, 1011-12 (5th Cir. 1983).

**B.   Limitations**

French's Petition is subject to the AEDPA provisions, which restrict the time in which a state conviction may be challenged, because the petition was filed after April 24, 1996, the date the AEDPA was enacted. Flanagan v. Johnson, 154 F.3d 196, 198 (5th Cir. 1998). Under the AEDPA federal habeas petitions that challenge state court judgments are subject to a one-year limitations period as set forth by the following statutory language:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)(2).

## IV. Analysis

French is incarcerated and is considered to have filed his federal petition for a writ of habeas corpus on the date that he surrendered it to prison officials for mailing. Spotville v. Cain, 149 F.3d 374, 378 (5th Cir. 1998). The court construes the petition to have been filed on April 11, 2014. Sonnier v. Johnson, 161 F.3d 941, 945 (5th Cir. 1998).

Because French's PDR was refused on September 15, 2004, his conviction became final on December 14, 2004. Gonzalez, 132 S. Ct. at 653; Wilson v. Cain, 564 F.3d 702, 706 (5th Cir. 2009); Butler v. Cain, 533 F.3d 314, 317 (5th Cir. 2008) ("[Habeas petitioner's] conviction becomes final ninety days after the highest court's judgment is entered, upon the expiration of time for filing an application for writ of certiorari with the United States Supreme Court."), citing Roberts v. Cockrell, 319 F.3d 690, 694 (5th Cir. 2003). Under the provisions of section 2244(d)(1)(A), French had one year or until December 14, 2005, to file his federal petition for a writ of habeas corpus. However, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment shall not be counted toward " the one-year limitations period. 28 U.S.C.

§ 2244(d)(2).

French's state habeas application challenging the aggravated assault conviction was not filed until October 1, 2012, nearly eight years after the conviction became final and nearly seven years after the limitations period expired. Consequently, it does not have any tolling effect. Richards v. Thaler, 710 F.3d 573, 576 (5th Cir. 2013), citing Scott, 227 F.3d at 263.

French's other state habeas application, which was filed contemporaneously and challenges a misdemeanor conviction, also fails to toll the limitations period. Id. In addition to being untimely, the application does not toll the limitations period because it was not "properly filed." See 28 U.S.C. § 2244(d)(2). In dismissing the state habeas application the CCA did not consider the claims presented because the application was barred by Texas law. No. 78,621-02, citing Tex. Code Crim. Proc. art. 11.07 §§ 1, 3 (art. 11.07 applies to felony cases); see also Ex parte Johnson, 561 S.W.2d 841, 842 (Tex. Cr. App. 1978) (CCA does not have 11.07 habeas jurisdiction over misdemeanor challenges), citing Ex parte Phelper, 433 S.W.2d 897 (Tex. Cr. App. 1968). Federal courts look to the laws of each state in determining when a state habeas petitioner may file a proper post-conviction challenge. See Gonzalez, 132 S. Ct. at 655. Because the CCA determined that it did not have jurisdiction over the habeas challenge, the habeas application was not properly filed and did not toll the limitations period. See Wion v. Quarterman, 567 F.3d 146 (5th Cir. 2009).

There is no indication that French was subject to any state action that impeded him from filing his federal habeas petition in a timely manner. 28 U.S.C. § 2244(d)(1)(B). There is no showing of a newly recognized constitutional right upon which the habeas petition is based; nor is there a factual predicate of the claims that could not have been discovered before the challenged conviction became final. 28 U.S.C. § 2244(d)(1)(C), (D). Finally, French does not present any rare and exceptional circumstances that would warrant equitable tolling of the federal limitations period. Holland v. Florida, 130 S. Ct. 2549, 2562 (2010) (habeas petitioner is entitled to equitable tolling only if he demonstrates "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way"); Clarke v. Rader, 721 F.3d 339, 344 (5th Cir. 2013) (petitioner has burden of proving he is entitled to equitable tolling); Stone v. Thaler, 614 F.3d 136, 139 (5th Cir. 2010).

French did not file his Petition until April 11, 2014, long after the limitations period expired on December 14, 2004. Therefore, the claims presented in this Petition are subject to dismissal because they are untimely.

### V. Certificate of Appealability

Under 28 U.S.C. § 2253, French needs to obtain a Certificate of Appealability (COA) before he can appeal this Memorandum Opinion and Order dismissing his Petition. To obtain a COA, French must

make a substantial showing of the denial of a constitutional right. Williams v. Puckett, 283 F.3d 272, 276 (5th Cir. 2002). To make such a showing French must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues in a different manner; or that the questions are adequate to deserve encouragement to proceed further. Lucas v. Johnson, 132 F.3d 1069, 1073 (5th Cir. 1998). The court will deny the issuance of a COA in this action because French has not made a showing that reasonable jurists could have found that his petition was timely. See Slack v. McDaniel, 120 S. Ct. 1595, 1604 (2000).

### VII. Conclusion

The court **ORDERS** the following:

1. Respondent Stephens's Motion for Summary Judgment (Docket Entry No. 15) is **GRANTED**.

2. The Petition for a Writ of Habeas Corpus By a Person in State Custody (Docket Entry No. 1) is **DISMISSED WITH PREJUDICE**.

3. A Certificate of Appealability is **DENIED**.

**SIGNED** at Houston, Texas, on this 10th day of December, 2014.

SIM LAKE
UNITED STATES DISTRICT JUDGE